462

WRIGHT, Appellant, vs. WRIGHTSTOWN-MORRISON FARMERS MUTUAL INSURANCE COMPANY, Respondent.

*September 14—October 13, 1936.*

For the appellant there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge,* and oral argument by *Alex Wilmer,* all of Green Bay.

For the respondent there was a brief by *Chadek, Cornelisen & Denissen* of Green Bay, and oral argument by *C. G. Chadek.*

FRITZ, J. The facts are undisputed. On this appeal it suffices to note, in respect to the second cause of action, that on July 18, 1932, the defendant, a town mutual insurance corporation, issued to appellant a fire insurance policy covering grain and hay, which were destroyed by fire on August 10, 1933. Appellant had failed to pay an assessment duly levied October 10, 1932, and by reason of that default the policy became suspended January 10, 1933. While it continued suspended, the defendant levied another assessment on May 1, 1933, for the purpose of paying expenses and losses incurred after January 10, 1933, and a *pro rata* share of that assessment was levied against the appellant. On August 7, 1933, he paid the assessment levied in October, 1932, but he never paid the assessment levied in May, 1933. On this appeal the only question is whether the defendant was not liable, under the policy, for the loss in question because of the appellant's failure to pay that May, 1933, assessment.

Appellant contends that the May, 1933, assessment was invalid as against him because the defendant was not authorized, under sec. 202.11 (1) and (2), Stats., to levy any assessment against him to raise funds to pay fire losses which it had sustained between January 10, 1933, and August 7, 1933, for the reason that his policy had become suspended on January 10, 1933, because of his failure to pay the October, 1932, assessment, and that, therefore, his property was not

insured at the time the defendant incurred the losses for which the May, 1933, assessment was levied.

That contention should have been sustained by the trial court. Sec. 202.11 (5), Stats. 1935, provides:

". . . No payment shall be made by the company upon the policy of any member if at the time he shall suffer a loss he shall be in default and shall have failed to pay his assessment prior to the expiration of thirty days from the time limited in said notice."

Consequently, appellant's property ceased to be insured upon the suspension of the policy on January 10, 1933, because of his failure to pay the October, 1932, assessment. That being true, the defendant was not authorized to levy an assessment against him on account of the property described in that policy. The manner of levying assessments and the liability of the defendant's members to assessment are controlled by the provisions in subs. (1) and (4) of sec. 202.11, Stats. On that subject, sub. (1) provides:

"When the amount of any loss shall exceed the funds on hand the president shall convene the board of directors who shall make an assessment upon all property *insured at the time of the loss; . . .*" and sub. (4) provides:

"The corporation may borrow money to pay losses incurred on or after the first day of November preceding, but an assessment to cover such loan shall be levied before the first day of November following, upon all persons *insured at the time such losses were incurred. . . .*"

Thus the defendant's authority to levy assessments is limited to "an assessment upon all property insured at the time of the loss;" and "upon all persons insured at the time such losses were incurred." Consequently, as neither the appellant nor his property were insured, under that policy, between January 10, 1933, and August 7, 1933, the levy of the May, 1933, assessment against him was unauthorized and invalid, and created no obligation on his part.

It follows that when the appellant, on August 7, 1933, paid the assessment levied on October 10, 1932, he was no longer in default under that policy, and that, therefore, he is entitled to recover thereon for the hay and grain, valued at $823, which was destroyed by fire on August 10, 1933.

The third cause of action is to recover, under a policy issued by the defendant on February 6, 1933, for a loss by fire on August 10, 1933, of wagons, sleighs, and harnesses, which were on appellant's farm, located in Brown county, Wisconsin, but outside of the city of De Pere. The trial court sustained defendant's contention that the policy in suit did not cover the wagons, sleighs, and harnesses on that farm.

In the application for the policy in suit, which covered wagons, sleighs, and harnesses, as well as other personal property, and also a dwelling house and a barn belonging to the appellant, there were the following questions and answers:

"1. Situation? Part of Section? Town and range? No. of Acres to Premises? 1 Lot
"1. 616 S. Michigan St. Lot No. 3 Bolles Add. Town 23 Range 20."

However, the policy, as prepared and issued by defendant to the appellant, provides that the defendant "does insure John Wright, his heirs and assigns,

"614 S. Michigan St., Lot No. 3, City of De Pere.
"DESCRIPTION OF PREMISES ON WHICH INSURED PROPERTY IS USUALLY LOCATED.
". . . Section . . . Township . . . Range . . . County of Brown and State of Wisconsin, against loss or damage by fire . . . to an amount not exceeding three thousand one hundred and xxxxx dollars to the following described property while located and contained as described herein and not elsewhere, to-wit: . . .
"On his wagons, sleighs & harness. . . . . . . . . . . . . $300
". . ."

Thus, in the policy as written by defendant, there was no more specific or detailed statement as to the location of the insured wagons, sleighs, and harness than that the property was usually located in Brown county, Wisconsin. Consequently, in so far as that property was concerned, it was within the coverage of the policy, if it was usually located at some place within Brown county, regardless of whether that place was within or outside of the city of De Pere. The words and figures "614 S. Michigan St., Lot No. 3, city of De Pere," as they were inserted by defendant in the policy immediately following the words "does insure John Wright, his heirs and assigns," serve merely to describe or identify "John Wright." As they clearly precede the words "DESCRIPTION OF PREMISES ON WHICH INSURED PROPERTY IS USUALLY LOCATED ... Section ... Township ... Range ... County of Brown and State of Wisconsin," they are not to be read as though they followed those words or any part thereof. In the absence of some reformation of the policy, the only description therein as to the usual location of the wagons, sleighs, and harness in question is the plain and unambiguous statement therein "County of Brown and State of Wisconsin," and the appellant is entitled to have the policy enforced as worded and written by the defendant. Even if there were some uncertainty in that respect on the face of the policy, it would have been the result of the defendant writing it in that form. Consequently, there would be applicable the rule that:

"If an insurance company in writing its policy fails so to write a provision as to indicate with reasonable certainty what it means by it, it has not just cause for complaint that the provision is given a reasonable construction contrary to its contention, although its contention may also have reason to support it. The court will not in such case do any fine or precise balancing of reasons or splitting of hairs to uphold its contention." *Charette v. Prudential Ins. Co.* 202 Wis. 470, 475, 232 N. W. 848.

It follows that the appellant was entitled to recover under the policy for the destroyed sleighs, wagons, and harness, valued at $215.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the recovery by appellant on the second and third causes of action as stated in the opinion.

Martin, J., took no part.