### TRAINOR v. MUTUAL LIFE INS. CO. OF NEW YORK.

#### No. 244 Civil.

District Court, W. D. Wisconsin.

Dec. 22, 1941.

William Ryan and Schubring, Ryan, Petersen & Sutherland, all of Madison, Wis., for plaintiff.

Vernon A. Swanson and Miller, Mack & Fairchild, all of Milwaukee, Wis., for defendant.

STONE, District Judge.

The plaintiff claims disability benefits from June 24, 1939, of $100 per month, and a refund of premiums paid by him since that date together with the specific performance of the terms of the insurance contract issued to him by defendant on January 4, 1926. The policy provides, among other things, that "if the insured is totally and presumably permanently disabled before age 60, (the Company) will pay to the insured $100 monthly during such disability besides waiving premiums, all upon conditions set forth in Section 2." Section 2 provides:

"*Section 2. Benefits in Event of Total and Permanent Disability before Age 60.*

"*Total Disability.*— Disability shall be considered total when there is any impairment of mind or body which continuously renders it impossible for the Insured to follow a gainful occupation.

"*Permanent Disability.*—Total disability shall, during its continuance, be presumed to be permanent;

"(a) If such disability is the result of conditions which render it reasonably certain that such disability will continue during the remaining lifetime of the Insured; or,

"(b) If such disability has existed continuously for ninety days.

"*When Benefits become Effective.*—If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured so long as such disability continues.

"*Benefits.* (a) *Income.*—The Company will pay a monthly income to the Insured, during the continuance of such disability, of the amount stated on the first page hereof ($10 per $1,000 face amount of Policy), beginning upon receipt of due proof of such disability.

"(b) *Waiver of Premium.*—The Company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such disability.

"\* \* \*

"*General Provisions.*—The Company may, before making any income payment or waiving any premium, require due proof of the continuance of total and permanent disability, but such proof shall not be required oftener than once a year after such disability has continued for two years. If such proof is not furnished on demand or if it shall appear to the Company that the Insured is no longer totally and permanently disabled, no further income payments will be made or premiums waived.

"\* \* \*

"If the Insured shall at any time so recover that the payment of Disability Benefits terminates and later shall furnish due proof that he has again become totally and permanently disabled, Disability Benefits shall be subject to the same conditions as if no prior disability had existed.

"\* \* \*

"If the Insured attains the age of sixty years or if the provision for Disability Benefits terminates, the premiums payable after such age or such termination shall be reduced by the premium for such benefits."

The insured alleges in his complaint that because of heart disease it has been impossible for him to follow a gainful occupation since June 24, 1939. The answer of the defendant denies that the plaintiff has been unable to follow a gainful occupation since that date or at any time thereafter. One of the questions presented to this Court is whether it has been impossible for plaintiff to follow a gainful occupation from June 24, 1939, to the commencement of this action or at any time during that period. The policy provides for disability benefits only in the event any disability of the insured renders it impossible for him to follow a gainful occupation.

Plaintiff was born and raised in Madison, Wisconsin, and attended school through part of the eighth grade. He was employed as a grocery clerk in 1906. For the next fourteen years, he operated a grocery store in Madison, Wisconsin. In 1925 he was engaged in the manufacture and sale of potato chips. From 1925 to 1929 he again operated a grocery store. During the 1933 session of the Legislature, he was Assistant Sergeant at Arms. From 1934 to December, 1938, he was employed by the United States Department of Agriculture as a junior foreman in the supervision of CCC crews of from fifteen to

twenty-five men and boys who were engaged in reforestation work in this state. He was not required to perform any manual labor in connection with this work. He was a candidate for election as Alderman in the Fourth Ward of the City of Madison in April, 1940. He was defeated by the incumbent. The term of this office is two years. The salary is $25 per month, and the duties include attending two regular council meetings each month, special meetings when called, and certain committee work.

Plaintiff became sixty years of age on July 27, 1940. On June 24, 1939, he consulted Dr. M. H. Wirig of. Madison, Wisconsin, and complained of a pain over his heart which was precipitated by excitement or strenuous exercise and which was followed by a period of weakness. The doctor diagnosed the ailment as coronary insufficiency, coronary sclerosis with possible coronary thrombosis. Dr. Wirig testified, that it was his opinion that plaintiff is now and was after June 24, 1939, totally and permanently disabled.' Dr. Chester M. Kurtz, a heart specialist in charge of the heart department of the Wisconsin General Hospital, and who has been connected with the University of Wisconsin Medical School since 1928, was of the' opinion that the plaintiff is totally and permanently disabled as the result of this heart ailment. Dr. ' Robin N. Allen testified that the plaintiff is totally and permanently disabled as the result of his heart condition.

Dr. Herman H. Shapiro, called by the defendant, testified that on his first examination of plaintiff, he was of the opinion that plaintiff could not follow .a gainful occupation, but he was now of the opinion that plaintiff might try to do some light work where he could remain seated while working; that what plaintiff needed most now was rest and quiet. Dr. Carver L. Puestow testified that in his opinion plaintiff might do work limited to sedentary work with short hours and no manual labor.

■ The Court is convinced, by a preponderance of the credible evidence submitted by the parties, that the plaintiff on June 24, 1939, became totally and permanently disabled and unable to carry on any gainful occupation as the result of his heart condition, and is entitled to recover from the defendant the amounts due and to· become due him under the terms of. the policy, as prayed for in the complaint.

■ Policies of insurance are to be construed most favorably. to the insured. Wright v. Wrightstown-Morrison F. Mut. Ins. Co., 222 Wis. 462, 269 N.W. 317; Garnsky v. Metropolitan Life Insurance Co., 232 Wis. 474, 287 N.W. 731, 124 A. L.R. 1489.

This contract of insurance is one for which the specific performance may very well be decreed, and the Court is of the opinion that the plaintiff is entitled to a specific performance of the terms of the policy; that he may, in this action, recover future disability benefits as they become due and payable under the provisions of the policy without commencing and maintaining one action after another each month to enforce the monthly payment that accrues to plaintiff. The defendant has and undoubtedly will in the future refuse to perform the conditions of its· contract and will require the plaintiff·to commence an action to collect each separate installment that comes due.under the terms of the insurance contract. The Court arrives at this conclusion from the contention of the defendant as set forth in its brief as follows: "Even if plaintiff were totally disabled since June 24, 1939, he would not be entitled to recover in this action disability benefits which have accrued subsequent to the commencement of this action on June 6, 1941 or future accrued benefits." That is the position the defendant takes and endeavors to maintain.

When plaintiff contracted for the policy of insurance, he expected and paid for protection against the unfortunate condition with which he is now confronted, that is, his inability to follow a gainful occupation because of his total and permanent disability. He had a right to expect that if he became totally and permanently disabled, the defendant would pay him the monthly installments as provided by the policy without the necessity of commencing a lawsuit every time an installment became due. ' He was buying insurance protection and not a collection of monthly law suits, the maintenance of which would cost him more than the amount he would receive from the defendant under the policy after each suit. He should not be subjected to this unnecessary burden, expense and physical torture. He was unable, because of his physical condition, to appear as a witness in this case, and to subject him to the worry and expense of litigation month after month during the remainder

209

of the period of disability would, without doubt, seriously impair and endanger his life. Justice, equity and fair dealing requires that the defendant pay to the plaintiff each installment that became due after the date of the commencement of this action and that will become due after the entry of judgment, so long as he is totally and permanently disabled. He should not be required to expend the money he receives from the defendant, and perhaps more, in litigation to enforce his rights under the policy.

While the Supreme Court of Wisconsin has not passed on the exact question now before this Court—whether a Court has jurisdiction to adjudicate with respect to future installments of disability benefits under a policy similar to the one involved in this case—a number of cases have been decided by the Supreme Court of Kentucky supporting plaintiff's contention that this Court has jurisdiction to make such adjudication. Equitable Life Assur. Soc. of United States v. Goble, 254 Ky. 614, 72 S.W.2d 35, 37; Equitable Life Assur. Soc. of United States v. Morgan, 254 Ky. 699, 72 S.W.2d 46; Equitable Life Assur. Soc. of United States v. Keck, 254 Ky. 773, 72 S.W.2d 466; Equitable Life Assur. Soc. of United States v. Dennison, 255 Ky. 296, 73 S.W.2d 52. It has, however, been held by the Wisconsin Supreme Court that if a contract is definite and certain in its terms, then in some instances a plaintiff, who is a party to the contract, may be entitled to a specific performance.

I believe it was a situation similar to the one that exists between the parties to this action that Justice Cardozo had in mind when he said in New York Life Insurance Co. v. Viglas, 297 U.S. 672, at page 681, 56 S.Ct. 615, at page 618, 80 L.Ed. 971: "The law will be able to offer appropriate relief 'where compensation is willfully and contumaciously withheld.'"

The defendant should perform its agreement to waive payments of the premiums as they become due, and to pay the plaintiff the sum of $100 a month during the time he is totally and permanently disabled as such payments accrue and as provided in the policy. The judgment to be entered herein will contain an order directing specific performance of the insurance contract by the defendant.

The defendant should, and under the terms of the judgment will, have the right to apply for a modification of the judgment herein, if hereafter it shall be established by competent evidence that there has been an improvement in plaintiff's physical condition, and that his disability has ceased to be permanent and that he is no longer wholly and continuously disabled from performing some gainful occupation.

The plaintiff is entitled to recover from the defendant the amount due and to become due him under the terms of the policy, as more particularly set forth in the Findings of Fact and Conclusions of Law filed herein.