CHRISTIANSEN, Executrix, Plaintiff and Appellant, vs. SCHENKENBERG, imp., Defendant: ÆTNA CASUALTY & SURETY COMPANY and another, Defendants and Respondents.

*January 7—February 4, 1930.*

For the appellant there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *Charles F. Wratten.*

For the respondent Schenkenberg there was a brief by *Foley, Brach & Colbert* of Racine.

For the respondents Kratz, Ætna Casualty & Surety Company, and Ætna Life Insurance Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb,* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

STEVENS, J. It is alleged in the complaint that at the time of the accident Richard Schenkenberg, with the knowledge and consent of the owner, was driving an automobile owned by Edward Kratz, who carried automobile insurance policies issued by the defendant companies.

The pleas in abatement were based on the portion of the policies which provided: "No action by the assured or other person entitled to benefit hereunder shall lie against the company to recover for loss and/or expense under this policy arising or resulting from claims upon the assured or such other person for damages, unless it shall be brought for loss and/or expense whose amount shall have been definitely determined by final judgment after trial of the issue or by agreement of the parties with the consent of the company."

The policies were issued prior to the passage of sec. 85.25 of the Statutes. But it is not questioned that through annual renewals of the policies they must be construed as

if they contained the substance of that statute, which requires that all policies of insurance covering liability to others arising out of the operation of motor vehicles shall provide that the company shall be liable to persons entitled to recover for death or injury caused by the negligent operation of the automobile covered by such policy.

The case turns upon the question whether the plaintiff is an "other person entitled to benefit hereunder," within the meaning of that phrase as used in the provision of the policies quoted above. It is clear that when these policies were originally written it was not the intent of the parties that the phrase should describe one situated as was the plaintiff; that it was then the intent that this phrase should be applied only to those who were given the same protection under the policies as was the assured himself. This is shown by the fact that the policies required the company to adjust claims and defend suits "in the name and on behalf of the assured or other person entitled to benefit hereunder." The provision on which the defendant companies rely, quoted on the preceding page, clearly shows that it relates only to "claims upon the assured or such other person for damages." "Such other person" clearly refers to the "other person entitled to benefit hereunder." Again the policy provides "that the insolvency or bankruptcy of the assured or other person entitled to benefits hereunder shall not release the company from the payment of damages for injuries sustained." By no permissible rule of construction can the phrase in question be made to express an intent to include the one who is making claim under the policy within the meaning of this phrase as used in these policies. The fact that the provisions of sec. 85.25 of the Statutes were subsequently incorporated into this policy does not change the meaning of these provisions which so clearly express the intent of the parties.

The insurance carriers prepared the form of the policies issued by them and continued them in force without change after they were charged with knowledge that liability to persons injured in automobile accidents had been imposed upon them under these policies by sec. 85.25 of the Statutes. They had it within their power to issue new policies containing such a provision as that considered in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, which would have abated any action brought by the plaintiff until liability had been determined. But the companies chose to continue these policies in force without change. The policies are plain and unambiguous. Were there any ambiguity it would be the duty of the court to construe these policies strictly against the companies which prepared and issued them. "It is a cardinal rule in solving ambiguity of the sort under consideration, that the language should be construed somewhat strictly against the assurer." *Andrews v. United States Cas. Co.* 154 Wis. 82, 86, 142 N. W. 487.

To construe the phrase "other person entitled to benefit hereunder" so as to make it include the plaintiff would be to reverse this well recognized rule of construction and construe the policy most strongly against the one entitled to protection under it pursuant to the provisions of sec. 85.25 of the Statutes.

*By the Court.*—Orders reversed.