MERRITT, Appellant, vs. GREAT NORTHERN LIFE INSUR-
ANCE COMPANY, Respondent.

*September 12—October 8, 1940.*

For the appellant there was a brief by *John B. Chase* of Oconto, and *Lehner & Lehner* and *Adolph P. Lehner*, all of Oconto Falls, and oral argument by *Adolph P. Lehner*.

For the respondent there was a brief by *Chadek, Cornelisen & Denissen* of Green Bay, and oral argument by *Frank P. Cornelisen.*

NELSON, J. The facts are not in dispute. On March 9, 1937, for a valuable consideration, the defendant issued and delivered to Arthur L. Merritt, an accident policy known as "AAA Special Personal Accident Insurance Policy." Policies of that kind were issued exclusively to members of Wisconsin Division of the American Automobile Association. The policy covered certain specific losses and indemnities, if sustained within thirty days after the date of the accident causing such loss and in the manner described in the policy. On the first page of the policy appears the following language:

|  | Part 1 | Part 2 | Part 3 | Part 4 |
|---|---|---|---|---|
| | Steam Railroad Accidents | Steamboat and Steamship Accidents | Interurban, Streetcar, Elevated, Subway, Taxicab, Motor Bus and Automobile State Accidents | Automobile, Animal-drawn Vehicle, Pedestrian, Passenger Elevator, Burning Building, Collapse of Walls, Lightning, Cyclone, Hurricane or Tornado Accidents |
| For Loss of | | | | |
| 1. Life | $10,000 | $5,000 | $2,000 | $1,000. |

On page 2 of the policy is the following language:

"Part 4. Automobile, Pedestrian, Passenger Elevator, Burning Building and other Accidents—$1,000.

"If such injury shall be sustained:

"(a) By the wrecking of any automobile of the exclusively private passenger type, lawfully registered and licensed as such, or of any animal-drawn vehicle of the exclusively private passenger type, in which the insured is riding as driver or passenger, provided the insured is neither a hired driver of nor operating such automobile or vehicle while carrying passengers for hire or merchandise for a business purpose; or

"(b) By being struck, knocked down or run over while standing or walking in or on an open public street or highway, by any automotive or animal-drawn vehicle (excluding injuries received while on a railroad right of way except on an established open public crossing thereof, or injuries received while working in or on a public street or highway or railroad right of way); or . . ."

On the back of the policy, in large heavy type, is the following:

"This policy is particularly designed to cover travel accidents and does so in almost any conveyance which you may use for your transportation, whether riding in an automobile, railroad train, steamboat, streetcar, taxicab, or bus. The policy goes further than that and, within the limits of your policy, agrees to pay for your injuries in consequence of your being struck, run down, or run over by an automobile

on the public streets or highways. And in addition, there is compensation for similar injuries from fire, falling walls, cyclones," etc.

On December 14, 1937, while the policy was in effect, the insured, Arthur L. Merritt, accompanied by the plaintiff, his wife, was driving his automobile along a highway in Illinois during a sleet storm. Sleet formed on the windshield and interfered with the driver's vision. Merritt drove his automobile onto the shoulder of the highway, off the concrete, and stopped it. The plaintiff got out of the car on the right side and attempted to remove the frozen sleet from the windshield. Merritt, at the same time, got out on the left side for the same purpose, and while standing upon the left running board he was struck by a truck, which came from the rear, and thrown to the ground and injured to such an extent that he died the following day. No part of the truck struck the automobile.

The trial court was of the view that at the time Merritt was injured he was engaged in operating his automobile, and at that particular time was not a pedestrian; that subdivision (a), hereinbefore quoted, afforded him no coverage because at the time of his injury he was not riding in an automobile that was "wrecked," as defined by the policy; that the language of subdivision (b), hereinbefore quoted, afforded him no coverage because that paragraph applied *only to pedestrians* who are "struck, knocked down or run over while standing or walking in or on an open public street or highway by any automotive or animal-drawn vehicle;" that Merritt at the time he was injured was not standing on the highway because he was in fact standing on the running board of his automobile.

The trial court, in our opinion, gave to the language of subdivision (b) a rather strict construction in favor of the defendant. Had the plaintiff, instead of standing on

the running board of his automobile, stood upon a wooden box or suitcase, either of which might have been so used, the trial court's views applied to that situation, would likewise be that he was not covered by the policy because he was not standing on a public street or highway. While the language of subdivision (b) may be subject to the construction that the coverage afforded thereby applied only to an insured who, at the time of his injury, had the status of a pedestrian, that construction, in our view, is not the only permissible one since the policy was construed by the defendant, or by Wisconsin Division of the American Automobile Association, with the knowledge of the defendant. The defendant certainly was familiar with the form of the policy and all of its provisions. The language, which in our opinion may properly be regarded as a construction by the defendant of certain provisions of the policy, was recited in the statement of facts. So much of it as we deem relevant is as follows:

"The policy goes further than that and, within the limits of your policy, agrees to pay for your injuries in consequence of your being struck, run down, or run over by an automobile on the public streets or highways."

In our opinion, that language, considered in connection with the language of subdivision (b), *supra*, "By being struck . . . while *standing . . . in* or *on . . . highway,* by any automotive . . . vehicle," makes applicable the well-established rule that, in case of reasonable uncertainty, doubt, or ambiguity, courts should construe policies of insurance which are not standard policies, *i. e.,* prescribed by statute, "strictly," or "most strongly" against the insurer. *Vinograd v. Travelers Protective Asso.* 217 Wis. 316, 258 N. W. 787; *Employers Mut. L. Ins. Co. v. Tollefsen,* 219 Wis. 434, 263 N. W. 376; *Christiansen v. Schenkenberg,* 200 Wis. 581, 229 N. W. 62; *Vaudreuil Lumber Co. v. Ætna*

*C. & S. Co.* · 201 Wis. 518, 230 N. W. 704; *Charette v. Prudential Ins. Co.* 202 Wis. 470, 232 N. W. 848; *Wright v. Wrightstown-Morrison F. Mut. Ins. Co.* 222 Wis. 462, 269 N. W. 317; *Garnsky v. Metropolitan Life Ins. Co.* 232 Wis. 474, 287 N. W. 731.

It is argued by the respondent that the policy was a special personal accident policy, and that its coverage was very limited; that it did not cover all accidents; that since the annual premium amounted to only $1.15, the coverage necessarily had to be limited; and that the defendant could not survive if the policy be construed contrary to its contentions. The policy unquestionably is limited as to coverage, and many accidents that human beings are heir to clearly are not within the coverage of the policy. Its argument would have been more persuasive had not the defendant itself put a construction upon the language of its policy.

Merritt was fatally injured in consequence of being struck by an automobile while he was standing in a public highway. Had the defendant company desired to make subdivision (b) applicable only to one having the status of a pedestrian, it would have been a simple matter so to do.

The accident was a very unusual one and our holding that the policy covered it will not, in our opinion, put upon the defendant an excessive or unbearable burden.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff.

FOWLER, J. (*dissenting*). If I can understand the English language, under the coverage clause of the policy set out in the opinion of the court, the plaintiff's decedent in this case had to be either a motorist in a car that was injured in a collision with another vehicle or a pedestrian in order to be within the coverage of the policy. A person must be one or the other to be within the coverage. One

cannot be both. The plaintiff's decedent was not a pedestrian, but a motorist, and the car in which he was riding was not injured. There is therefore no liability under the policy. The judgment should therefore be affirmed.

I am authorized to state that Mr. Chief Justice ROSENBERRY, and Mr. Justice MARTIN concur in this dissent.