CONCORDIA FIRE INS. CO. OF MILWAUKEE v. SMITH.

No. 34287.   Oct. 23, 1951.

Rehearing Denied Nov. 20, 1951.

*237 P. 2d 631.*

Clausen, Hirsh & Miller, Chicago, Ill., and C. L. Armstrong, Ponca City, for plaintiff in error.

Irving D. Ross and David Ross (of Ross & Ross), Newkirk, for defendant in error.

WELCH, J.   W. I. Smith sustained a loss to his automobile and commenced this action against the Concordia Fire Insurance Company of Milwaukee, a corporation, seeking recovery on a policy of automobile insurance issued by the defendant.

The defendant company contended the plaintiff's loss and damage to his automobile was not covered by its policy.

There is no dispute as to the facts in the case. The plaintiff was the owner of a certain automobile and purchased a certain insurance policy from defendant. The premium charge made and paid was for insurance coverage designated in said policy as "coverage A" and known as comprehensive loss or damage to the automobile. Concerning the liability assumed by the defendant the policy contained provision as follows:

" . . . to pay for any loss or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a ve-

hicle to which it is attached. Breakage of glass and loss caused by missles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

On a certain day, during the term of the policy, the plaintiff's automobile had entered upon a bridge and was proceeding northward thereon when a truck approached from the north and entered upon the bridge. As the truck entered upon the bridge its right rear wheel struck the side of the bridge with an impact which threw the rear end of the truck sidewise and into the air and the left rear wheel of the truck in descending motion struck the side of the plaintiff's automobile. Trailer equipment that was riding on the truck chassis above the truck's rear wheels also struck the side of the plaintiff's automobile. The plaintiff's automobile was injured as to require extensive repairs before being made usable.

The plaintiff claimed a right to recover against the defendant for the loss or damage to his automobile in that the loss was caused by a "falling object" within the meaning and terms of the insurance policy.

The defendant demurred to the plaintiff's evidence, which demurrer was overruled. Judgment was for the plaintiff and against the defendant for a certain sum as found sufficient to cover the plaintiff's loss.

In appeal the defendant contends the trial court erred in not sustaining its demurrer to the plaintiff's evidence.

Admittedly, the defendant's liability under the policy extended to loss or damage of the automobile caused by falling objects.

The insurance contract expressly excepts coverage of loss caused by collision of the automobile with another object and provides that "loss caused by . . . falling objects . . . shall not be deemed loss caused by collision."

Beyond question the evidence establishes the fact of collision of the truck and the plaintiff's automobile with a resulting damage to the automobile.

The question presented by defendant's demurrer to the evidence and here presented is whether or not the truck, in the circumstances shown, and as a primary cause of loss, was a "falling object" within the meaning of the insurance contract.

It is apparent that the conclusion of the trial court was influenced by the fact of the descending angle of the impact when the truck struck the automobile.

As an abstract proposition, the idea might arise that trucks in descent are "falling objects," for clearly all tangibles are "objects", and the word "falling" is a derivative and partakes of the meaning of the verb fall and as a present participle expresses a state of action in progress or a present descending.

Herein, in the clause of the insurance policy, "loss caused by falling objects," the word "falling" is an adjective. It modifies the noun, objects, and simply expresses an attribute; it denotes a quality of the thing named.

In Webster's International Dictionary the word "fall" is stated, as meaning:

"I. To descend.

"1. To pass downward freely; to descend by the force of gravity; primarily, of objects freed from their suspension or support, to drop; to come or go toward the center of gravity, as of the earth, . . ."

In said work the adjective "falling" is stated as meaning "that falls."

In the clause "loss caused by falling objects" there clearly appears the idea of objects possessing the attribute of being freed from suspension or support, to drop; to descend by the force of gravity. As applies to a truck, as an object, the reference in the clause

is to a truck possessed of a quality to pass downward freely; to descend by the force of gravity.

We hold that the term "falling objects," as used in the instant insurance policy, means objects impelled by the force of gravity.

Under the evidence herein, the truck was impelled by impact with the bridge to an impact or collision with plaintiff's automobile. Although the angle from which the second impact occurred was downward, we conclude that the truck was not a "falling object" within the meaning of the insurance policy.

In 5 Am. Jur., What Constitutes Collision, §555, it is stated:

"The word 'collision,' as used in automobile collision insurance policies, means the act of colliding, and imports a striking together or against, a violent contact, the suddent contact of a moving body with an obstruction in the line of motion. It is not necessary, in order to constitute a 'collision' within the meaning of a policy insuring against damage resulting from a collision of an automobile with any other automobile, vehicle, or object, that both objects should be in motion.

"Most collisions occur in the violent impact of two bodies on the same place or level, and it is undoubtedly true that the word is more frequently used to express such impacts than other violent impacts. However, it is doubtful that this fact has given to the word such a common understanding of its meaning as to exclude violent impacts not upon the same plane or level. If one machine was going up and another coming down a steep hill, and they came together violently, no one would hesitate for a moment in using the word 'collision.' The better rule, the safe rule, is to treat and consider the word as having the meaning given it uniformly by the lexicographers, that where there is a striking together, a violent contact or meeting of two bodies, there is a collision between them, and that the angle from which the impact occurs is unimportant."

We adopt the rule of construction as stated in the last sentence above as here applicable.

The evidence herein goes no further than to reflect an incident resulting in damage to plaintiff's automobile that constituted a collision within the meaning of term as appears in the clause of the policy excepting coverage of loss caused by collision.

The defendant's demurrer to the evidence should have been sustained.

The judgment is reversed.

HALLEY, V. C. J., and CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.