SCHLUCKEBIER, Respondent, v. ARLINGTON MUTUAL FIRE INSURANCE COMPANY, Appellant.

*November 2—December 1, 1959.*

For the appellant there were briefs by *Rogers & Owens* of Portage, attorneys, and *Horace W. Wilkie* of Madison of counsel, and oral argument by *Harlan B. Rogers* and by *John T. Howard* of Madison.

For the respondent there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall*.

MARTIN, C. J.    Respondent is the owner of a farm in the town of Burke, Dane county. Effective January 1, 1957, appellant issued a standard town mutual policy insuring respondent's farm property against damage or loss resulting from fire and lightning. In the policy a barn was insured in the amount of $16,000. Attached to the original policy is a supplemental coverage indorsement providing:

"In consideration of the premium charged, and subject to provisions and stipulations (hereinafter referred to as 'provisions') herein and in the policy to which this Supplemental Coverage is attached, including riders and indorsements thereon, the coverage of this policy is extended to include direct loss by:
  "1. . . .
  "2. Collision with falling or moving bodies or vehicles.
  "3. . . ."

On February 25, 1957, another indorsement was added to the policy to provide additional insurance for a milker, water heater, and milking equipment, in the amount of $3,600.

On September 14, 1958, while the policy was in full force and effect, a silo adjacent to the barn referred to above collapsed and so damaged the barn as to render it a complete loss. Damage to the milking equipment in the barn was $1,978.

Claim was made under that provision of the indorsement extending coverage to direct loss by "collision with falling or moving bodies . . ." Appellant denied coverage, contending that its liability under said clause is limited to loss resulting from falling aircraft and objects falling therefrom under the following provision of the indorsement:

*"Provisions Applicable Only to Loss by Falling or Moving Bodies or Vehicles:* . . . Loss by falling or moving bodies shall include direct loss by aircraft and direct loss by objects falling therefrom. Loss by falling or moving bodies . . . shall include only direct loss resulting from actual physical contact of a falling or moving body . . . with the property covered hereunder or with the building containing the property covered hereunder. This company shall not be liable, however, for loss; . . . (c) to any aircraft or vehicle including contents thereof other than stocks of aircraft or vehicles in process of manufacture or for sale."

Appellant points out that it is a town mutual fire insurance company and maintains that because the parties here involved are a group constituting the members of the company on the one hand and the insured on the other, public policy requires that the group be favored over the individual in any construction of the policy terms. There is no question of public policy here.

Construction of the standard form of policy is not before us. We are concerned only with the indorsement as to additional coverage. The indorsement is not in a statutory form.

All that the legislature has done, sec. 202.08, Stats., is authorize town mutuals to write, in addition to fire and lightning, certain other "classifications of perils," among which is "collision with falling or moving bodies or vehicles." But the legislature left to the companies the right to prescribe and define the policy terms with respect to the additional perils. Thus, in case of ambiguity in such terms, they must be construed against the insurer in accordance with the well-established rule that:

". . . in case of reasonable uncertainty, doubt, or ambiguity, courts should construe policies of insurance which are not standard policies, *i.e.,* prescribed by statute, 'strictly,' or 'most strongly' against the insurer." *Merritt v. Great Northern Life Ins. Co.* (1940), 236 Wis. 1, 5, 294 N. W. 26.

The indorsement provides:

"Loss by falling or moving bodies shall include direct loss by aircraft and direct loss by objects falling therefrom."

Appellant maintains that no ambiguity arises from this language, but that if any does exist the rules of construction to be employed are those embodied in the doctrines of *expressio unius est exclusio alterius, ejusdem generis,* and *noscitur a sociis.* There is no need to resort to these doctrines here. As pointed out in *Bell v. American Ins. Co.* (1921), 173 Wis. 533, 536, 181 N. W. 733:

"It is a fundamental rule that the language of a contract is to be accorded its popular and usual significance. It is not permissible to impute an unusual meaning to language used in a contract of insurance any more than to the language of any other contract."

As shown by various dictionary definitions and in 20A Words and Phrases (perm. ed.), p. 144 *et seq.,* the word "include" has two acceptable shades of meaning. It may mean that that which is stated is (1) the only thing included,

or that (2) it constitutes only a part or a component of the whole. Since the rule requires that the word be construed most strongly against the insurer, it must be held that the second meaning is the one in which the word is used in the provision in question. We may observe that it is also the sense in which the word is most commonly used.

It may be noted that in the sentence immediately following the language in question—"Loss by falling or moving bodies . . . shall include only direct loss resulting from actual physical contact, etc.,"—the word "only" follows the word "include," which obviously constitutes a limitation. In oral argument appellant's counsel admitted that had the word "only" been inserted in the phrase preceding, we would not have this appeal before us.

The provisions of the indorsement applying to "vehicles" state that the term means "vehicles running on land or tracks but not aircraft." By the language we are here construing, the appellant placed aircraft or objects falling therefrom in the category of "falling or moving bodies." In so doing it used the word "include" with no language indicating that the general classification was limited to aircraft. It follows that aircraft and objects falling therefrom are but one type of "falling or moving bodies" embraced within the general classification of such perils.

Appellant further argues that in any event the falling of the silo does not constitute a "falling body" within the contemplation of the coverage, and cites an Oklahoma case, *Concordia Fire Ins. Co. v. Smith* (1951), 205 Okla. 344, 346, 237 Pac. (2d) 631, 633, where the court held that the term "falling objects," as used in an insurance policy there being construed, means "objects impelled by the force of gravity." Appellant argues the silo's fall upon the barn was not impelled by gravity but by "some reason" such as overloading. There is nothing in the record to support such a statement.

The cause of the silo collapse is immaterial. Whatever the cause, its fall was certainly impelled by the force of gravity. It constituted a "falling body," and in falling, it came in actual physical contact or "collision" with the barn, causing its destruction and the damage to the milking equipment contained therein.

*By the Court.*—Order affirmed.