Robert PLEVIN, Petitioner-Appellant,

v.

DEPARTMENT OF TRANSPORTATION, Respondent-Respondent.

Court of Appeals

*No. 02–3281. Submitted on briefs August 5, 2003.—
Decided September 3, 2003.*

2003 WI App 211

(Also reported in 671 N.W.2d 355.)

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Steven F. Tilton* of *Tilton & Tilton*, Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general by *Thomas C. Bellavia*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. WEDEMEYER, P.J. Robert Plevin appeals from a circuit court order affirming the decision of the Department of Transportation (DOT) to suspend Plevin's vehicle registrations, pursuant to Wisconsin's financial responsibility law, WIS. STAT. § 344.14(1)

(2001–02),[1] unless he deposited $8420 in security with the DOT to satisfy any judgment resulting from a motor vehicle accident. Plevin challenges the DOT's conclusion that no evidence was presented to exempt Plevin from the security requirements of the financial responsibility law. Because the DOT did not err in rendering its findings and conclusions, we affirm.

## I. BACKGROUND

¶ 2. On February 16, 2001, Abdiweli A. Hassan-Khasse was driving an uninsured motor vehicle owned by Robert Plevin. Plevin had provided the vehicle to his daughter, Kate Plevin. Kate and Hassan-Khasse were roommates. Hassan-Khasse asked Kate if he could borrow the car and she gave him permission to do so, even though Plevin had told her that only she was allowed to drive the car.

¶ 3. While driving through the uncontrolled intersection of North 78th Street and West Hope Avenue, Hassan-Khasse collided with a motor vehicle driven and owned by Joyce C. Reichmann. As a result of the accident, both Robert, as owner of the uninsured vehicle, and Hassan-Khasse, as operator of the uninsured vehicle, were subject to the requirements of WIS. STAT. ch. 344, Wisconsin's financial responsibility law.

¶ 4. In May 2001, Reichmann submitted a form to the DOT certifying the amount of damage to her motor vehicle as a result of the February 16, 2001 accident. In September 2001, the DOT issued a notice to Robert, as owner of the uninsured vehicle, to deposit security to satisfy any judgment arising out of the accident.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 5. Robert requested a hearing pursuant to WIS. STAT. § 344.02, which took place on October 9, 2001. At the hearing, Robert testified that he did not give permission to Hassan-Khasse to operate the vehicle and that he had given his daughter Kate specific instructions as to the use of the vehicle. Kate was to use the vehicle *only* to drive to and from work and school and she was never to allow anyone else to drive the vehicle. Robert's theory at the hearing was that he was exempt from the security requirements of the financial responsibility law because Hassan-Khasse had operated the vehicle without the owner's permission.

¶ 6. The hearing examiner determined that there was a reasonable possibility that Hassan-Khasse would be found up to 60% causally negligent with respect to the accident and that a judgment would be rendered against him for damage to the property owned by Reichmann. The examiner further concluded that the evidence in the record was insufficient to establish that Hassan-Khasse was driving Robert's uninsured motor vehicle without express or implied permission. Accordingly, the examiner determined that Robert was not exempt from the requirements of the law because he failed to satisfy his burden of furnishing proof satisfactory to the secretary of transportation sufficient to trigger the WIS. STAT. § 344.14(1) exemption. The DOT affirmed the decision of the hearing examiner. Robert petitioned the circuit court for review pursuant to WIS. STAT. ch. 227; the decision of the DOT was affirmed.

¶ 7. Robert now appeals to this court.

## II. DISCUSSION

¶ 8. This case involves Wisconsin's financial responsibility law, codified in WIS. STAT. ch. 344 of the

Wisconsin statutes. The purpose of the financial responsibility law is to ensure compensation to parties who have suffered injury to themselves or their property as a result of another person's negligent operation of a motor vehicle. *See Kopf v. State,* 158 Wis. 2d 208, 214–15, 461 N.W.2d 813 (Ct. App. 1990). To accomplish this purpose, the law requires both the driver and the owner of any motor vehicle involved in an accident causing damages greater than $1000 to prove that adequate resources exist to cover any possible liability. *Id.* at 212. Parties subject to the financial responsibility law may accomplish this requirement in one of two ways: (1) by showing proof of insurance; or (2) by posting security in the amount of a reasonably possible judgment. *See* Wis. Stat. § 344.15. If the vehicle is uninsured and no security is posted, the driver faces mandatory suspension of operating privileges and the owner faces mandatory suspension of all vehicle registrations. Wis. Stat. § 344.14(1).

¶ 9. In applying Wis. Stat. § 344.14, the DOT promulgated an exception to the security requirement for an owner whose motor vehicle was operated without the owner's permission. The administrative code provision provides:

> **Proof of operating without permission.** The owner of a motor vehicle involved in an accident is exempted under s. 344.14 (2) (g), Stats., from depositing security if the owner produces proof that the vehicle was operated without permission. Acceptable proof includes:
>
> (1) A letter from the law enforcement agency where the offense occurred stating that the vehicle was reported stolen prior to the accident or that the law enforcement agency investigated the report and found it to be a stolen vehicle, or

**(2)** A letter from the district attorney that the owner has filed a complaint against the operator and that the operator is being charged with operating without the owner's consent, or an affidavit signed by the operator stating that the vehicle was being operated without the owner's expressed or implied consent. An affidavit does not exempt an owner who is the sponsor of an operator, as defined in s. 343.15, Stats., or

**(3)** Under s. 344.15(4), Stats., an affidavit signed by the owner that the operator did not have permission to operate the vehicle. In a lease situation the department may accept an affidavit signed by the leasee as agent of the owner of the vehicle.

WIS. ADMIN. CODE § TRANS 100.09. The DOT has interpreted these methods of non-permission proof to be exclusive. That is, the owner must provide the proof described under sub. (1), (2) or (3) in order to trigger the exemption. If the owner does not submit such proof, then the owner does not qualify for an exemption.

¶ 10. Robert's arguments in this appeal relate to this administrative code provision. The first issue is whether the DOT's interpretation of WIS. ADMIN. CODE § TRANS 100.09 is entitled to controlling weight on judicial review. The second issue is whether the three forms of proof of non-permission enumerated in § 100.09 are illustrative or exclusive.

*A. Judicial Review.*

■■■■

¶ 11. This case arises from a WIS. STAT. ch. 227 appeal; accordingly, we review the decision of the administrative agency and not the decision of the circuit court. *Stafford Trucking, Inc. v. DILHR*, 102 Wis. 2d 256, 260, 306 N.W.2d 79 (Ct. App. 1981). In administrative appeals, our review is governed by WIS. STAT.

§ 227.57. An agency's findings of fact are conclusive on appeal if they are supported by credible and substantial evidence. *See* WIS. STAT. § 102.23(6). Credible evidence is that evidence which excludes speculation or conjecture. *See Bumpas v. DILHR*, 95 Wis. 2d 334, 343–44, 290 N.W.2d 504 (1980). Evidence is substantial if a reasonable person relying on the evidence might make the same decision. *See Bucyrus-Erie Co. v. DILHR*, 90 Wis. 2d 408, 418, 280 N.W.2d 142 (1979).

¶ 12. Three levels of deference may be applied to the conclusions and statutory interpretations of administrative agencies: great weight, due weight, and no weight. *Jicha v. DILHR*, 169 Wis. 2d 284, 291, 485 N.W.2d 256 (1992).

¶ 13. Robert contends that the circuit court erred when it gave great weight to the DOT's interpretation of the exemption rule. The attorney general responds that this is not an appeal about the interpretation of a *statute*. Rather, this appeal involves the interpretation of an *administrative rule*. As a result, the DOT's interpretation of its own administrative rule is entitled to controlling weight unless such interpretation is "inconsistent with the language of the regulation or clearly erroneous." *Beal v. First Fed. Sav. & Loan Ass'n*, 90 Wis. 2d 171, 183, 279 N.W.2d 693 (1979). The reason behind affording controlling weight in this circumstance is:

> An administrative agency knows the specific purposes of the regulations it has promulgated. Moreover, an agency has a certain expertise in the area it is called upon to regulate. Thus we believe that an agency is in the best position to interpret its own regulations in accordance with their underlying purposes.

*Pfeiffer v. Board of Regents,* 110 Wis. 2d 146, 155, 328 N.W.2d 279 (1983). Robert does not reply to the attorney general's assertion and, as a result, concedes the point. *See Charolais Breeding Ranches, Ltd. v. FPC Sec.,* 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Based on the foregoing case law and Robert's concession, we conclude that the DOT's interpretation of the exemption rule is entitled to controlling weight.

### B. WISCONSIN ADMIN. CODE § TRANS 100.09.

¶ 14. Robert contends the three acceptable forms of proving that the operator did not have permission to drive the owner's vehicle in WIS. ADMIN. CODE § TRANS 100.09 are illustrative and not exhaustive. He provides an analysis of the word "includes," which immediately precedes the delineation of the three acceptable forms of proof. His analysis does not fall on deaf ears. We agree that one reasonable interpretation of § 100.09 suggests that the list is illustrative, rather than exclusive.

¶ 15. Nevertheless, the DOT construes the word "includes" in WIS. ADMIN. CODE § TRANS 100.09 to mean that there are only three methods sufficient to prove that the operator of an uninsured motor vehicle did not have the owner's permission to drive the vehicle. We are bound to afford this interpretation controlling weight unless it is inconsistent with the language of the regulation or clearly erroneous. *See Beal,* 90 Wis. 2d at 183. We conclude that the DOT's interpretation is neither inconsistent nor clearly erroneous.

¶ 16. According to our supreme court, the word "includes" may be construed in two ways: either as an illustration of a few acceptable examples; or, as a

statement of limitation setting forth an exclusive list. *See Milwaukee Gas Light Co. v. Department of Taxation*, 23 Wis. 2d 195, 203, 127 N.W.2d 64 (1964); *Schluckebier v. Arlington Mut. Fire Ins. Co.*, 8 Wis. 2d 480, 483–84, 99 N.W.2d 705 (1959). Here, the language of the code provision provides some guidance by its use of the disjunctive "or" between the three acceptable methods, rather than the conjunctive "and." The use of the former suggests that the rule was meant to set out a restrictive list of alternatives, rather than to provide examples as illustrations of an unenumerated form of acceptable methods of proof. Thus, the DOT's interpretation is not inconsistent with the language of the regulation.

¶ 17. Moreover, it is clear from the plain language of the rule that the DOT intended that the exemptions apply only in an exceptional case so as to avoid the exception from swallowing the rule. The language suggests that acceptable methods of proof satisfy a heightened standard above and beyond simple testimony at an administrative hearing. The rule requires either letters from a law enforcement agency or the district attorney *or* affidavits. Such proof supplies an added degree of trustworthiness to support the defense that the driver of the vehicle did not have the owner's permission to operate the vehicle. Given the purpose behind the financial responsibility law, we conclude that the heightened degree of proof required to satisfy the exemption requirements is not unreasonable. To allow additional methods of proving non-permission could open the way for fraudulent claims and interfere with the DOT's responsibility for compensation of individuals damaged as a result of the negligence of operators of uninsured motor vehicles.

*By the Court.*—Order affirmed.