TOWN OF CEDARBURG, Plaintiff-Respondent,

v.

J. Dale DAWSON and Gudrun Dawson, Defendants-Appellants.

Court of Appeals

*No. 03–2347. Oral argument June 23, 2004.—Decided August 11, 2004.*

2004 WI App 174

(Also reported in 687 N.W.2d 841.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *T. Michael Schober* and *John M. Bruce* of *Schober, Schober & Mitchell, S.C.*, New Berlin. There was oral argument by *John M. Bruce*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brad M. Hoeft* and *Ralph J. Huiras* of *Huiras, Farrell & Antoine, S.C.*, Port Washington. There was oral argument by *Ralph J. Huiras*.

A nonparty brief was filed by *Joanne F. Kloppen-burg*, assistant attorney general, and *Peggy A. Lauten-schlager*, attorney general, for the Wisconsin Department of Natural Resources. There was an appearance at oral argument by *Joanne F. Kloppenburg* as an interested party.

Before Anderson, P.J., Brown and Nettesheim, JJ.

¶ 1. ANDERSON, P.J. J. Dale Dawson and Gudrun Dawson appeal a circuit court grant of summary judgment in favor of the Town of Cedarburg's objection to the Dawsons' application for registration of a parcel of land in Cedarburg. The Dawsons argue that their Cedarburg parcel is able to be registered because it is contiguous to their existing Town of Jackson quarry and meets the specific requirements for registration pursuant to the "Registration of contiguous parcels" language found in WIS. ADMIN. CODE § NR 135.57. We disagree. The plain language of the rules requires that nonmetallic mining be a permitted or conditional use for all registered parcels, contiguous or not.[1] In the

---

[1] The purpose of WIS. ADMIN. CODE ch. NR 135 "is to require reclamation of nonmetallic mining sites." WIS. ADMIN. CODE § NR 135.01(1). The specific rules we are required to interpret are WIS. ADMIN. CODE §§ NR 135.56 and 135.57. Sec. NR 135.56 addresses "Registration requirements" and provides:

> **(1)** The registration shall include a legal description delineating the land and a certification and delineation by a registered professional geologist or a registered professional engineer that the land has a marketable nonmetallic mineral deposit. In making this certification, the registered geologist or registered professional engineer shall describe the type and quality of the nonmetallic mineral deposit, the areal extent and depth of the deposit, how the deposit's quality, extent, location and accessibility contribute to its marketability, and the quality of the deposit in relation to

alternative, the Dawsons argue that they were not subject to registration given the supreme court's adop-

current and anticipated standards and specifications for this type of material. This certification shall be supported by logs or records of drilling, boring, geophysical surveys, records of physical inspections of outcrops or equivalent scientific data.

(2) The certification shall include the registered geologist's or registered professional engineer's seal affixed to this statement:

"I hereby certify that this document contains a description of a marketable nonmetallic mineral deposit consistent with the requirements of Chapter NR 135, Wisconsin Administrative Code."

(3) (a) A person wishing to register land pursuant to this subchapter shall provide evidence that nonmetallic mining is a permitted or conditional use for the land under zoning in effect on the day in which notice is provided to the zoning authorities pursuant to sub. (4).

(b) Nonmetallic mining is a permitted or conditional use for land if any of the following apply:

1. There is no existing zoning.

2. The land is in a zoning category that expressly states that nonmetallic mining is either a permitted use or may be allowed as a conditional use.

3. The land is in a zoning category that allows general uses and the zoning authority allows nonmetallic mining as a permitted or conditional use as a subset of the general uses listed for that zoning category, even though nonmetallic mining is not expressly referred to in the zoning.

(c) If the existing zoning requires a conditional use permit for nonmetallic mining, there is no need to apply for or obtain a conditional use permit in order to register the land pursuant to this subchapter.

(4) A copy of the proposed registration and supporting information shall be provided to each zoning authority if the land is zoned, the county regulatory authority, the municipal regulatory authority if one exists, the city, village or town in which the deposit is located, and the department at least 120 days prior to filing of the registration. Each zoning authority shall maintain records of

tion of the diminishing asset rule. We again disagree. The common law rule of diminishing assets is not applicable to this case. We affirm the judgment of the circuit court.

¶ 2. *Facts.* The facts are undisputed.[2] The Daw-

> proposed registrations of lands containing marketable nonmetallic mineral deposits which they shall receive in a manner of the zoning authority's choosing.
>
> (5) The registration shall include a certification by the landowner and binding on the landowner and his or her successors in interest that the landowner will not undertake any action that would permanently interfere with present or future extraction of the nonmetallic mineral deposit for the duration of the registration.
>
> (6) Registration shall be accomplished by recording the information required by this section, the date of recording, and the date registration expires as a deed notice in the office of registrar of deeds pursuant to s. 59.43(1)(a), Stats., in the county in which the land is located no sooner than 121 days and no later than 240 days after notice to zoning authorities has been provided pursuant to sub. (4).

WISCONSIN ADMIN. CODE § NR 135.57 addresses "Registration of contiguous parcels" and provides:

> Contiguous parcels of land meeting all of the following criteria may be included in one registration under this subchapter.
>
> (1) The parcels are owned by the same person.
>
> (2) The parcels contain a marketable nonmetallic mineral deposit as defined in s. NR 135.54.
>
> (3) The parcels are contiguous as defined in s. NR 135.53(1).

[2] The Town of Cedarburg correctly points out that the Dawsons' statement of facts fails to provide any references to the record or to their appendix. Such failure to cite to the record is a violation of the Rules of Appellate Procedure under WIS. STAT. RULE 809.19(1)(d) (2001–02), which requires the appellant to set out facts "relevant to the issues presented for review, with appropriate references to the record." The Dawsons are admonished for having placed "a completely unwarranted burden" on this court to decide an appeal presented on a brief where neither record references nor appendix references are given. *See Meyer v. Fronimades*, 2 Wis. 2d 89, 93–94, 86 N.W.2d 25 (1957).

sons are the owners of a 155–acre quarry site in Jackson, which is located in Washington county. They also own 47 contiguous acres in the Cedarburg located in Ozaukee county. Separating the Dawsons' parcels in Cedarburg and Jackson is Wausaukee Road.

¶ 3. This case arises from the Dawsons' attempt to register their 47–acre parcel in Cedarburg as a marketable nonmetallic mineral deposit under WIS. ADMIN. CODE ch. NR 135.

¶ 4. In 1994, Cedarburg changed its zoning code to provide that only nonmetallic mining that was in operation prior to October 5, 1994, could be approved. On July 16, 2001, Cedarburg received a copy of a proposed registration of a marketable nonmetallic mineral deposit executed by the Dawsons. The proposed registration included legal descriptions of lands owned by the Dawsons in both Cedarburg and Jackson.

¶ 5. The proposed registration included an attached exhibit, "Exhibit B," which contained the legal description for the Dawsons' 47–acre Cedarburg parcel. It stated that the parcels listed in Exhibit B are "zoned AGRICULTURE-2 (A-2)" as of the date that the notice is provided to Cedarburg's zoning authorities "pursuant to NR 135.56(4)." It further asserted, "In the A-2 District, non-metallic mining is a conditional use in

The Town of Cedarburg provides this court clarification of the facts with appropriate references to the record and to the appellant's appendix. We acknowledge and appreciate the respondent's assistance in this regard, even though it is the appellant's responsibility to ensure that the record is sufficient to facilitate appellate review. *See Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997).

Given the Dawsons' violation and the Town of Cedarburg's clarification, we hold the Dawsons to the facts as clarified by the Town of Cedarburg.

that, in the A-2 District regulations, it is expressly stated that non-metallic mining is allowed as a conditional use."

¶ 6. Section 10–1-76 of Cedarburg's zoning code provides in relevant part: "Mining extraction operations, including washing, crushing or other processing, are conditional uses and may be permitted in the . . . A-2 Prime Agricultural District . . . provided they were in existence prior to October 5, 1994." The Dawsons' Cedarburg parcel has never been used for nonmetallic mining operations and, thus, was not used for mineral extraction operations prior to October 5, 1994.

¶ 7. The Dawsons' proposed registration indicated that their Cedarburg parcel was contiguous to their Jackson parcel. The Dawsons operate an active quarry in Jackson pursuant to a conditional use permit under the Jackson zoning regulations. A separate copy of the proposed registration was contemporaneously submitted to Jackson.

¶ 8. The Dawsons' parcel in Jackson met all of the registration requirements of WIS. ADMIN. CODE § NR 135.56. The registration of the Jackson parcel was accomplished with the recording of the registration information in the Washington County Register of Deeds office. *See* § NR 135.56(6) ("Registration shall be accomplished by recording the information required by this section . . . in the office of registrar of deeds . . . in the county in which the land is located . . . .").

¶ 9. On September 7, 2001, Cedarburg provided to the Dawsons its Notice of Intent to Object to Proposed Registration of Non-Metallic Mineral Deposits for their Cedarburg parcel pursuant to WIS. ADMIN. CODE § NR 135.58. Section NR 135.58 sets forth the procedures and the only grounds for a zoning authority to object to a proposed registration under the subchapter.

Cedarburg's objection was based upon § NR 135.58(1)(a), which provides as a basis for objection that "[z]oning in effect on the date that notice of intent to register land containing a deposit was provided to the zoning authority does not permit or conditionally permit nonmetallic mining under the criteria in s. NR 135.56(3)(b)."

¶ 10. Cedarburg's Notice of Intent to Object advised the Dawsons that under Cedarburg's code of ordinances (Sec. 10-1-76), nonmetallic mineral extraction is a conditionally permitted use in the applicable zoning district provided it was in existence prior to October 5, 1994. Cedarburg informed the Dawsons that because there were never any mining operations conducted on the Dawsons' Cedarburg parcel, such operations were not permitted or conditionally permitted on their parcel.

¶ 11. On October 18, 2001, Cedarburg filed a summons and complaint in the Ozaukee County Circuit Court pursuant to WIS. ADMIN. CODE § NR 135.58(3) in order to sustain its objection to the Dawsons' proposed registration of their Cedarburg parcel as a marketable nonmetallic mineral deposit. Cedarburg alleged that the Dawsons' proposed registration was not in conformity with WIS. ADMIN. CODE § NR 135.56 because the zoning in effect on the date of the registration proposal did not permit nonmetallic mining.[3] The Dawsons, in

---

[3] Cedarburg further alleged that the Dawsons' Cedarburg parcel in Ozaukee county is not contiguous with the Jackson parcel in Washington county because of the different zoning authorities that the parcels are subject to. We agree with the circuit court that pursuant to WIS. ADMIN. CODE ch. NR 135, the two parcels are contiguous. We need not address this issue any further.

turn, argued that by sending the single registration, they complied with the requirements of Wis. ADMIN. CODE § NR 135.57.

¶ 12. The circuit court granted summary judgment in favor of Cedarburg declaring that the Dawsons' Cedarburg parcel is not subject to registration of marketable nonmetallic mineral deposits under Wis. ADMIN. CODE ch. NR 135. The court determined that the Dawsons did not comply with Wis. ADMIN. CODE § NR 135.56(3)(a), which provides: "A person wishing to register land pursuant to this subchapter shall provide evidence that nonmetallic mining is a permitted or conditional use for the land under zoning in effect on the day in which notice is provided to the zoning authorities . . . ." The court observed that Cedarburg has the power under Wis. STAT. § 62.23(7)(a) (2001–02) to set its zoning laws in accordance with promoting health, safety, morals or the general welfare of the community. The Dawsons appeal.

■

¶ 13. *Standard of Review.* The parties dispute the interpretation of the administrative rules promulgated by the Department of Natural Resources (DNR). We interpret administrative regulations in the same manner as we interpret statutes. *County of Milwaukee v. Superior of Wis., Inc.*, 2000 WI App 75, ¶ 11, 234 Wis. 2d 218, 610 N.W.2d 484. "A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect." *Donaldson v. State*, 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980). We "may not resort to statutory construction if the statute is clear on its face . . . . We will apply statutory construction to agency rules only if the rule or rules are ambiguous." *County of Milwaukee*, 234 Wis. 2d 218, ¶ 11.

215

¶ 14. However, the DNR's interpretation of its own administrative rules is entitled to controlling weight, unless the interpretation is inconsistent with the language of the regulation or clearly erroneous. *See Plevin v. DOT*, 2003 WI App 211, ¶ 13, 267 Wis. 2d 281, 671 N.W.2d 355. We accord the DNR great weight deference because:

> An administrative agency knows the specific purposes of the regulations it has promulgated. Moreover, an agency has a certain expertise in the area it is called upon to regulate. Thus we believe that an agency is in the best position to interpret its own regulations in accordance with their underlying purposes.

*Id.* (citation omitted).

¶ 15. *Chapter NR 135, WISCONSIN ADMINISTRATIVE CODE: a consensus product of interested parties.* The history of WIS. ADMIN. CODE ch. NR 135 demonstrates that it "was drafted as a consensus product with participation by all major interest groups." *See* Memorandum from Secretary George E. Meyer to the Natural Resources Board (August 14, 1998). Compromises were made in order to craft the "ideal" rule—one that would be workable and acceptable to everyone concerned. *See id.*

¶ 16. In 1994, Governor Tommy Thompson signed 1993 Wis. Act 464 into law and created legislation directing the DNR to draft rules establishing a statewide nonmetallic mining reclamation program to be implemented at the local level. Memorandum from Secretary George E. Meyer to the Natural Resources Board (February 10, 2000) (see attached Order of the State of Wisconsin Natural Resources Board Creating Rules).

¶ 17. The DNR proposed such rules under Natural Resources Board Order No. SW-18–95 and held several hearings in this regard. As a result of these hearings, the DNR decided to seek advice on improving the enabling legislation. The DNR engaged in "extensive outreach during the [four years of drafting WIS. ADMIN. CODE ch. NR 135] to involve impacted parties in the process." Memorandum from Secretary George E. Meyer to the Natural Resources Board (August 14, 1998). Following "extensive consultation" with "industry, government and interested parties," these legislative changes were included in the 1998–99 Budget Bill, 1997 Act 27. Memorandum from Secretary George E. Meyer to the Natural Resources Board (February 10, 2000) (see attached Order of the State of Wisconsin Natural Resources Board Creating Rules).

¶ 18. *The relevant registration rules under Chapter NR 135, WISCONSIN ADMINISTRATIVE CODE.* In its amicus brief, the DNR explains that the rules disputed here are part of an entire chapter promulgated in 2000 to address comprehensively what was deemed necessary to require reclamation of nonmetallic mining sites statewide.[4] *See* WIS. ADMIN. CODE § NR 135.01(1). The chapter concludes with rules establishing a procedure for registering marketable nonmetallic mineral deposits.

¶ 19. A landowner may register land that is certified as containing marketable nonmetallic mineral deposits, and for which nonmetallic mining is permitted or is a conditional use under existing zoning. WIS. ADMIN. CODE §§ NR 135.55, 135.56(1)-(3). The registra-

---

[4] This court is grateful to the DNR for its participation as an amicus at our request. The DNR's contribution, in its brief and at oral argument, was invaluable.

tion expires after ten years, and may be automatically renewed for an unlimited number of ten-year periods as long as active mining is taking place, or for one additional ten-year period if mining has not yet taken place. Wis. Admin. Code § NR 135.59.

¶ 20. One registration may include more than one parcel, if the parcels are owned by one person and share a common boundary point or line, even if separated by a road or easement. Wis. Admin. Code §§ 135.53(1), 135.57.

¶ 21. Registration does not relieve the landowner from having to obtain all permits and approvals required by local government zoning and other ordinances. Wis. Admin. Code § NR 135.62(4)(c). However, registration protects the mineral deposits from any change in zoning that would interfere with their extraction, *see* § NR 135.62(1), with one exception: A zoning authority may object to a registration if nonmetallic mining is not a permitted or conditional use for the land to be registered under existing zoning, Wis. Admin. Code § NR 135.58(1)(a).

¶ 22. *Discussion.* On appeal, the Dawsons argue that their Cedarburg parcel is able to be registered because it is contiguous to their existing Jackson quarry and meets the specific requirements for registration pursuant to the "Registration of contiguous parcels" language found in Wis. Admin. Code § NR 135.57. We disagree. The plain language of the rules requires that nonmetallic mining be a permitted or conditional use for all registered parcels, contiguous or not.

¶ 23. The rules permit a landowner to register contiguous parcels in one registration, but only if one registration is possible. The rules do not relieve the landowner from showing that all the requirements for

registration are otherwise met. The plain language of the rules evinces both recognition of mining interests and respect for local planning and zoning.

¶ 24. In addition, in an analysis submitted to the DNR by the advisory committee to assist in its evaluation of the rules, the following was clarified: "The key requirement is that nonmetallic mines be reclaimed to a beneficial post-mining land use after active mining is ended." *See* Memorandum from Secretary George E. Meyer to the Natural Resources Board (February 10, 2000) (see attached Order of the State of Wisconsin Natural Resources Board Creating Rules).

¶ 25. The contiguous parcels rule, WIS. ADMIN. CODE § NR 135.57, must be read together with the other rules in the subchapter, including the registration requirements rule, WIS. ADMIN. CODE § NR 135.56. *See Jarrett v. LIRC,* 2000 WI App 46, ¶ 8, 233 Wis. 2d 174, 607 N.W.2d 326. Section NR 135.56 sets out the elements of one registration: professional certification of a marketable nonmetallic mineral deposit, evidence of the absence of zoning or presence of zoning that permits nonmetallic mining as a use, certification of the landowner, and recording as a deed notice in the county (significantly, not "counties") in which the land is located. One registration does not encompass more than one deed notice in one county.

¶ 26. Consequently, a single registration for two parcels in two different counties would fall short of statutory compliance because, for the parcel for which nonmetallic mining is not a permitted or conditional use, the registration would not provide the evidence that is required by WIS. ADMIN. CODE § NR 135.56(3)(a) ("A person wishing to register land pursuant to this subchapter *shall provide evidence* that nonmetallic mining is a permitted or conditional use . . . ." (empha-

219

sis added)). It follows then that the procedural relief provided by Wis. Admin. Code § NR 135.57 does not apply to contiguous parcels in more than one county and, therefore, does not exempt a registrant from providing the zoning evidence required in § NR 135.56.

¶ 27. Moreover, several rules of statutory construction lend further support to our conclusion that the procedural relief provided by Wis. Admin. Code § NR 135.57 cannot apply to contiguous parcels in more than one county. First, Wis. Admin. Code § NR 135.56 should be construed so that every word, if possible, is given effect and no word or clause is rendered surplusage. *See Donaldson*, 93 Wis. 2d at 315. Here, § NR 135.56(3)(a) states that "[a] person wishing to register land pursuant to this subchapter shall provide evidence that nonmetallic mining is a permitted or conditional use . . . ." Thus, § NR 135.56(3)(a) imposes a requirement that applies to all land proposed for registration "pursuant to this subchapter." And, § NR 135.57 permits "one registration under this subchapter" for certain "[c]ontiguous parcels of land." Hence, § NR 135.57 allows a procedural shortcut for registration. However, this procedural shortcut does not exempt contiguous parcels from the requirement in § NR 135.56(3)(a). If we were to construe such an exemption, it would violate statutory construction rules by effectively rendering the use of "pursuant to this subchapter" and "under this subchapter" superfluous.

¶ 28. Second, to allow registration of land for which nonmetallic mining is *not* a permitted or conditional use, would be to turn a mandatory substantive requirement into an empty procedural requirement. It would, after all, be meaningless to allow registration of land that cannot be used for nonmetallic mining. *See Cepukenas v. Cepukenas*, 221 Wis. 2d 166, 175, 584

N.W.2d 227 (Ct. App. 1998) ("We must construe statutes so as to not render them meaningless.").

¶ 29. Third, the contiguous parcels provision, Wis. Admin. Code § NR 135.57, contains the word "may," indicating it is a permissive or discretionary provision. *See City of Wauwatosa v. Milwaukee County*, 22 Wis. 2d 184, 191, 125 N.W.2d 386 (1963) (Where the supreme court characterized "may" as permissive and "shall" as mandatory unless a different construction is required by the statute to carry out the clear intent of the legislature.). In contrast, Wis. Admin. § NR 135.56 introduces each of six substantive requirements with the word "shall," indicating this is a mandatory provision. *See City of Wauwatosa*, 22 Wis. 2d at 191. Additionally, when the words "shall" and "may" are used in the same section, it can be inferred that the legislature was aware of the different denotations. *State ex rel. Reimann v. Circuit Court for Dane County*, 214 Wis. 2d 605, 615, 571 N.W.2d 385 (1997). The permissive provision, § NR 135.57, does not trump the mandatory registration requirements provision, § NR 135.56.

¶ 30. Our decision is further reinforced by the promulgation history of Wis. Admin. Code ch. NR 135. This history verifies that ch. NR 135 was designed to balance nonmetallic mining interests with respect for local zoning and planning. The DNR engaged in "extensive outreach during the [four years of drafting ch. NR 135] to involve impacted parties in the process." Memorandum from Secretary George E. Meyer to the Natural Resources Board (August 14, 1998). Only after "extensive consultation" with "industry, government and interested parties," were the rules included in the 1998–99 Budget Bill, 1997 Act 27. *See* Memorandum from Secretary George E. Meyer to the Natural Re-

sources Board (February 10, 2000) (see attached Order of the State of Wisconsin Natural Resources Board Creating Rules).

¶ 31. WISCONSIN ADMIN. CODE ch. NR 135 is unambiguous and represents a product of well-reasoned compromise: It gives the local zoning boards authority to require reclamation and, at the same time, gives the landowners twenty years of protected use of their deposits.[5] In so doing, it makes clear that neither § NR 135.56(3) nor § NR 135.57 exempts contiguous parcels in separate counties from the registration requirement.

⬛

¶ 32. The Dawsons' alternative argument is that they were not subject to registration given the supreme court's adoption of the diminishing asset rule. The diminishing asset rule is not applicable to the case at bar. The two cases relied on by the Dawsons for this argument are easily distinguishable. In both, the contiguous parcels were in the same zoning jurisdiction, and all parcels were subject to the same zoning limitations. *Smart v. Dane County Bd. of Adjustments*, 177 Wis. 2d 445, 449–50, 501 N.W.2d 782 (1993) (all land was in Dane county and was arbitrarily divided into two 40–acre parcels irrespective of zoning classification); *Sturgis v. Winnebago County Bd. of Adjustment*, 141 Wis. 2d 149, 151–52, 413 N.W.2d 642 (Ct. App. 1987)

---

[5] A landowner may register land that is certified as containing marketable nonmetallic mineral deposits and for which nonmetallic mining is permitted or conditional use under existing zoning. WIS. ADMIN. CODE §§ NR 135.55, 135.56(1)-(3). The registration expires after ten years and may be automatically renewed for an unlimited number of ten-year periods as long as active mining is taking place, or for one additional ten-year period if mining has not yet taken place. WIS. ADMIN. CODE § NR 135.59.

(both parcels were in Winnebago county and were zoned M-3, which was a zoning district for mineral extraction uses). In contrast, the Dawsons' contiguous parcels are in different zoning jurisdictions subject to different zoning classifications.

¶ 33. *Conclusion.* The rules allow a streamlining of the registration procedure for contiguous parcels, but do not relax the substantive registration requirements. This result mirrors the rules' recognition of the need to protect the interests in nonmetallic mineral deposits, while simultaneously respecting local planning and zoning authority.

*By the Court.*—Judgment affirmed.