Donna M. KOPF and Calvin P. Kopf, Petitioners-Appellants,†

v.

STATE of Wisconsin, through the Department of Transportation and the Commissioner of Transportation, Respondents.

Court of Appeals

*No. 90–0510. Submitted on briefs August 21, 1990.—Decided September 19, 1990.*

(Also reported in 461 N.W.2d 813.)

† Petition to review denied.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Dwight D. Darrow* of *Darrow & Dietrich, S.C.* of Sheboygan.

On behalf of the respondents, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Jerry L. Hancock,* assistant attorney general of the *Wisconsin Department of Justice* of Madison.

Before Brown, Scott and Anderson, JJ.

BROWN, J. Donna and Calvin Kopf appeal an order upholding the Department of Transportation's decision requiring them to post security for damages in an accident involving their uninsured vehicle in order to avoid driver's license and vehicle registration suspensions.

The Kopfs challenge the constitutionality of the hearing procedures and the substantiality of the evidence supporting the hearing examiner's decision. Because we hold that the hearing procedures meet constitutional due process requirements and that there is substantial evidence in the record to support the agency's decision, we affirm the order of the circuit court.

The Kopfs own an automobile that was involved in a three-car collision. Mrs. Kopf was driving it when she struck the rear of a second vehicle pushing it into the rear of yet another vehicle.

If a vehicle accident causes death, bodily injury, or property damage over $500, the financial responsibility law requires the driver and owner of any vehicle involved in the accident to prove that adequate resources exist to cover their possible liability. Secs. 344.12 through 344.14, Stats. This may be done either by showing proof of insurance or by posting security in the amount of a reasonably possible judgment. Because the Kopfs had no liability insurance, the Department of Transportation ordered them to post security of $10,485, or both Mrs. Kopf's driver's license and the vehicle registration would be suspended.

The Kopfs requested a hearing as permitted by sec. 344.02(1), Stats.[1] They were the only parties to appear at

[1]Section 344.02(1), Stats., states:

the hearing. The hearing examiner accepted into evidence a police report of the accident and written professional evaluations of injuries and property damage. Mrs. Kopf's testimony contested the police report that her car pushed the second car into the first car. She claimed the police officer did not witness the accident and both she and the second driver told the officer they did not know whether the second car hit the first car before Mrs. Kopf hit the second car.

The hearing examiner upheld the Department of Transportation's order. The Kopfs appealed to the circuit court which upheld the decision of the hearing examiner.

The Kopfs claim that the hearing procedures must meet constitutional due process requirements because driving is a property right and the failure to post security results in the state's deprivation of this substantial property interest. The Kopfs argue that the hearing procedures do not offer due process for three reasons: adverse witnesses are not required to attend the hearing; the burden of proof should be placed on the Department of Transportation rather than on the vehicle operator and owner; and the burden on the owner and operator to prove no reasonable possibility of a judgment is too high. In the alternative, the Kopfs argue that there was no substantial evidence to support the examiner's decision.

Whenever the department under s. 344.13 gives notice of the amount of security required to be deposited and that an order of suspension . . . will be made if such security is not deposited, it shall afford the person so notified an opportunity for a hearing on the proposed action . . . . The scope of the hearing shall be limited to the matter set forth in s. 344.14(2)(k).

Section 344.14(2)(k), Stats., provides an exception to the security requirement if there is no "reasonable possibility of a judgment in the amount claimed."

This is because only the report by a police officer, who did not see the accident, supported the conclusion that Mrs. Kopf caused the damage to both of the other cars.

When considering a ruling of an administrative agency, the appeals court generally reviews questions of law *ab initio*. *Lewandowski v. State,* 140 Wis. 2d 405, 409, 411 N.W.2d 146, 148 (Ct. App. 1987). This case involves a question of constitutional law and a question of what constitutes "substantial evidence." Thus, the case may be decided by this court without deference to the trial court or the administrative agency.

The United States Supreme Court has established a three-part test to determine whether administrative procedures meet the due process requirements of the constitution. *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). This test requires consideration of the private interest that will be affected by the official action, the government's interest in the procedure, and the risk of an erroneous deprivation of the private interest if no additional procedural safeguards are taken. *See id.*

In the Kopfs' case, neither the driver's license nor the vehicle registration was a protected property interest because the granting of an automobile license to operate a motor vehicle is a privilege and not an inherent right. *Steeno v. State,* 85 Wis. 2d 663, 671, 271 N.W.2d 396, 400 (1978). The Kopfs' private property interest that was at stake was the security the Kopfs had to post to avoid the license and registration suspensions.

Balancing the Kopfs' property interest is the state's interest in insuring compensation to parties who have been injured or whose property has been damaged due to

another person's negligent operation of a motor vehicle. *See* Fitzgerald, *Wisconsin's Safety Responsibility Law,* Wis. Bar Bull. Feb. 1984, at 21. The requirement to post the security is not punitive; it is remedial. *See Warner v. Department of Transp.,* 102 Wis. 2d 232, 235, 306 N.W.2d 266, 268 (Ct. App. 1981).

In order to protect the uninsured driver's property interest, the state has instituted hearing procedures. The issue in this case is whether the state's procedures risk an erroneous deprivation of the driver's property interest by requiring security. The Kopfs argue, in effect, that only a full evidentiary hearing can give them the due process that is needed to protect their interest. The state argues that a chance for the Kopfs to tell their story to an impartial hearing examiner is all that due process requires. The state also contends that a full evidentiary hearing was actually available to the Kopfs because sec. 344.02(2), Stats., permits the person requesting the hearing to subpoena witnesses to testify.

We agree with the state that the risk of erroneous deprivation of the Kopfs' property interest is minimal. Paying security does not mean that the Kopfs forever lose their money without a full evidentiary forum to assess negligence. The Kopfs, and others similarly situated, will have that opportunity in a full scale civil trial. All the posting of security means is that the Kopfs guarantee their financial trustworthiness in the event Mrs. Kopf is found to be a tortfeasor. Therefore, the loss of money is not permanent.

By making the posting of the security a statutory requirement, the legislature said, in effect, that the price for the privilege of driving or registering cars in this state is proving financial responsibility for accidents. The legislature allows people the freedom to choose to have no insurance. However, the price of that freedom is

the obligation to post security in the event of an accident.

To the extent that the Kopfs lose their money for at least some period of time, the hearing provides them the opportunity to show that there is no possibility of judgment against them. If there is no possibility of judgment, then the state's interest in their showing financial trustworthiness is diminished because compensation likely would not have to be paid. The Kopfs still have the right to contest negligence in a civil trial. The hearing at least assured them and the state that it was not an arbitrary decision to require posting security in the first place. Due process does not require more.

Besides meeting important policy considerations, the state's provision of less than a full evidentiary hearing is also supported by several decisions of the United States Supreme Court. The Supreme Court requires a full evidentiary hearing only when there is a substantial property interest at stake. *See Dixon v. Love,* 431 U.S. 105, 113, 115 (1977). However, the Court has not considered any statutorily granted property interest, except welfare benefits, substantial enough to require the protection of a full evidentiary hearing. *See Goldberg v. Kelly,* 397 U.S. 254, 264 (1970). In most administrative actions, a hearing need not be elaborate and is simply meant to provide an initial check against a mistaken decision. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 545 (1985). Moreover, the due process clause has never been construed to require that procedures be so comprehensive as to preclude any possibility of error. *Mackey v. Montrym,* 443 U.S. 1, 13 (1979).

In a case similar to the Kopfs', the Court held that a hearing must be conducted prior to the suspension of the driver's license and vehicle registration, but the Court

did not demand a full evidentiary hearing. *Bell v. Burson,* 402 U.S. 535, 542 (1971). In fact, the Court fashioned a "reasonable possibility of judgment" test to justify the requirement to post security. *Id.* That is the same test we have in Wisconsin. Sec. 344.14(2)(k), Stats. We find no reason to create a more stringent test than the United States Supreme Court found necessary to ensure due process.

We hold that the Department of Transportation's present hearing procedures meet the due process requirements of the Constitution because the Kopfs' minimal property interest was balanced by the state's legitimate interest in the present procedures, and the hearing procedures carried little risk of an erroneous deprivation of the Kopfs' property interest.

Concerning the Kopfs' second argument, sec. 227.57(6), Stats., permits this court to set aside an agency's action that depends on a finding of fact not supported by substantial evidence in the record. The test for substantial evidence is evidence that a reasonable mind might accept as adequate to support conclusions. *Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 418, 280 N.W.2d 142, 147 (1979). Substantial evidence does not mean preponderance of the evidence, and two conflicting views may each be substantiated by substantial evidence. *Robertson Transp. Co. v. Public Serv. Comm'n,* 39 Wis. 2d 653, 658, 159 N.W.2d 636, 638 (1968).

In the present case, the Kopfs ask us to find that no reasonable hearing examiner could have accepted the police report's version of the accident and that a reasonable person would have had to accept Mrs. Kopf's testimony that it was possible she did not cause the second

217

car to hit the first car. If we accepted this argument, we would be saying that an interested party's hypothetical has more substance than an objective accident report of a detached police officer. We hold that the police report is substantial evidence and supports the hearing examiner's decision.

*By the Court.*—Order affirmed.