COUNTY OF FOND DU LAC, Plaintiff-Respondent,

v.

Kevin C. DERKSEN, Defendant-Appellant.†

Court of Appeals

*No. 01–2870. Submitted on briefs April 26, 2002.—Decided May 29, 2002.*

2002 WI App 160

(Also reported in 647 N.W.2d 922.)

† Petition to review denied 9-3-02.

491

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kevin C. Derksen*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kevin G. Crowley*, assistant district attorney, Fond du Lac.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. In this case, we put to rest the notion held by some that a person has an absolute and unfettered right, free of government regulation, to operate a motor vehicle on the roadways of this state. Rather, this so-called "right" is, in fact, a privilege that is subject to reasonable regulation by the legislature or other political subdivisions of the state.

¶ 2. Kevin C. Derksen appeals pro se from a forfeiture judgment following a bench trial at which the circuit court found him guilty of operating a motor vehicle after suspension of his operating privileges contrary to the Fond du Lac County ordinances that adopted Wis. Stat. § 343.44(1)(a) (1999–2000).[1] Derksen's arguments, or variants of them, have been previously raised by Derkesen and others, in a steady

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

stream of one-judge appeals over the years. In fact, this court recently rejected similar arguments by Derksen in another case. *See County of Fond du Lac v. Derksen*, Nos. 01–1900 and 01–1901, unpublished slip op. (WI App Feb. 6, 2002).[2] We similarly reject those arguments in this case.

## *FACTS*

¶ 3. The facts are undisputed. On May 12, 2001, Derksen was issued a traffic citation by the Fond du Lac County Sheriff's Department for operating after suspension, first offense. At a bench trial on July 25, 2001, the circuit court found Derksen guilty of the offense and imposed a fine plus costs. Derksen appeals, identifying twenty-seven issues.

## *DISCUSSION*

¶ 4. Twenty-five years ago, in *State v. Waste Management, Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978), Justice Robert W. Hansen began the opinion with what has been cited by our appellate courts numerous times since:

> An appellate court is not a performing bear, required to dance to each and every tune played on an appeal. Here appellant raises twenty-nine challenges to a judgment of conviction. However, we find the challenges to fit into five categories and will discuss each category. Any of the twenty-nine issues raised and not discussed in any of the five categories can be deemed to lack sufficient merit or importance to warrant individual attention.

---

[2] We wholeheartedly endorse that opinion, and much of what we say in this opinion is taken verbatim from the opinion of our colleague, Judge Richard S. Brown, in that case.

In this case, some of Derksen's twenty-seven issues are so far off the wall as to not merit discussion.[3]

¶ 5. As to Derksen's remaining issues, we determine that they all derive from his erroneous understanding of the law or his refusal to acknowledge such law.[4] Derksen's theory is as follows: He is a sovereign free man who lives in this country by free choice. With respect to the public highways of this country, he has not entered into any contract whereby he has given up his rights as a sovereign free man in exchange for a "license" and therefore continues to enjoy his rights "without interference of police power." There are only two instances where the government may exercise control over his person without a contract. First, the government may inhibit his freedom if he engages in some kind of penal act where he victimizes another person. Second, his right to travel may be regulated

---

[3] These arguments include the following: (1) the circuit court was required to suspend the proceedings because Derksen said he would take an interlocutory appeal; (2) the circuit court attempted to trick Derksen into admitting the offense; (3) the circuit court tricked Derksen "out of his God given rights by some type of contract or forced testimony implying consent, without full disclosure of the terms and conditions"; (4) the circuit court's assumption of jurisdiction forces Derksen into involuntary servitude; and (5) the rules of the road represent an improper extension of admiralty law so as to deprive the circuit court of subject matter jurisdiction.

[4] Therefore, we have reorganized Derksen's multiple issues into a more condensed, manageable and understandable structure—an exercise also performed by the supreme court in *State v. Waste Management, Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("Here appellant raises twenty-nine challenges to a judgment of conviction. However, we find the challenges to fit into five categories and will discuss each category.").

only if he is "hauling for hire" because he is then engaged in interstate commerce. Absent one of these two exceptions, the government has no control over his right to travel. He has a "God-given" and constitutionally recognized inalienable right to travel anywhere in this country and does not need a "license" to do so. The courts have no subject matter jurisdiction to hear a traffic matter absent a contract, proof of a penal violation, or proof that he was hauling for hire.

¶ 6. A corollary to Derksen's theory is that even if he is subject to the traffic laws of Wisconsin and Fond du Lac County, he has a right to confront his accuser, who must be a human being, not a corporate body such as the County in this case.

¶ 7. We agree with Derksen's contention that he has a state and federal constitutional right to travel. *See Kent v. Dulles*, 357 U.S. 116, 125 (1958); *Ervin v. State*, 41 Wis. 2d 194, 200–01, 163 N.W.2d 207 (1968). But our agreement stops there. We reject Derksen's further assumption that his right to travel translates into an unfettered right *to operate a motor vehicle on the roadways of this state* free of government regulation so long as the operation is not for a commercial purpose. We reject this proposition because no authority exists for it. To the contrary, both this court and the Wisconsin Supreme Court have repeatedly recognized that the operation of a motor vehicle is a privilege properly regulated by the state. *Steeno v. State*, 85 Wis. 2d 663, 671, 271 N.W.2d 396 (1978); *State v. Stehlek*, 262 Wis. 642, 646, 56 N.W.2d 514 (1953); *Kopf v. State*, 158 Wis. 2d 208, 214, 461 N.W.2d 813 (Ct. App. 1990). And when that privilege is abused by operating without a valid operator's license, such conduct can even be prosecuted criminally without violating any constitutional protec-

tions. *See Steeno*, 85 Wis. 2d at 674 (penalties for operating after suspension or revocation do not constitute cruel and unusual punishment); *State v. Duffy*, 54 Wis. 2d 61, 194 N.W.2d 624 (1972); *State v. Sittig*, 75 Wis. 2d 497, 501, 249 N.W.2d 770 (1977) (operating after revocation statute constitutionally sound against an equal protection challenge).

[3]

¶ 8. There is a compelling basis for differentiating the right to travel from the means of travel. The automobile of today, with engineering emphasis on power and speed, can be a crippling and potentially lethal weapon in the hands of an irresponsible driver. See Steeno, 85 Wis. 2d at 671. Licensing helps to assure safe drivers and also provide a good record-keeping system for identifying irresponsible drivers. Derksen offers isolated quotes from older cases from other jurisdictions that facially support some of his arguments. But we are not bound by those cases. Instead, we are bound by our supreme court and, in a constitutional sense, by the decisions of the United States Supreme Court. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997). We refuse to follow and decline to discuss the ancient cases from other jurisdictions cited by Derksen.

¶ 9. Moreover, Derksen's claim for an unfettered and absolute right to travel is contrary to this court's decision in *Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 507 N.W.2d 163 (Ct. App. 1993). There, the appellants argued that a municipal ordinance regulating "cruising" unconstitutionally infringed on the right to travel. *Id.* at 478. We upheld the constitutionality of the ordinance and offered the following important observation:

496

> The city's cruising ordinance is not one which merely promotes a self-serving interest of government at the expense of the constitutional right of the people to freedom of movement. Rather, the purpose of the ordinance is to create a safer and less congested public street so that the general populace might more easily travel the area in question. Viewed from this perspective, it can be said that the ordinance *enhances rather than restricts* the constitutional right to travel.

*Id.* at 481.

¶ 10. The same principle applies in this case. The licensing requirement offers a degree of assurance that the roadways will be safe, thereby enhancing and promoting the goal of safe travel to all. Derksen's claim to a special exemption from this requirement denigrates, rather than promotes, the constitutional right to travel generally and the privilege of operating a motor vehicle specifically. Derksen wants to elevate his constitutional right to travel at the expense of others. We reject that attempt.

¶ 11. Derksen also argues that the licensing requirement may be invoked only when the operator is engaged in interstate commerce. In support, he relies on *Hendrick v. Maryland*, 235 U.S. 610 (1915). Derksen's reliance is misplaced. In that case, Hendrick argued that the state of Maryland was attempting to regulate interstate commerce when it insisted that automobiles be registered as a condition precedent to being driven on the highway. *Id.* at 620–21. The Supreme Court rejected that argument, reasoning that registration was a method of collection by which the citizens of the state could finance the building of roads in return for Hendrick's use of the roadway. *Id.* at

497

622–23. There is no hint in *Hendrick* that the Supreme Court was reaching beyond the issue raised in that case so as to rule that traffic laws are not enforceable against motor vehicle users not engaged in interstate commerce. No case coming out of the United States Supreme Court since *Hendrick* has ever reached that conclusion.

¶ 12. Derksen further contends that Fond du Lac County has no authority to prosecute this action in making this argument. Derksen seems to differentiate the County from its citizens. Apparently, Derksen views the County as an unseen and autocratic force composed of powerful but nameless persons bent on circumscribing his rights. That is not so. The body politic of Fond du Lac County is the product of our representative form of government. The citizens elect the persons who pass the ordinances and the citizens may un-elect them. While it is true that the County is "a corporation," when the County prosecutes a traffic code violation case, it is really the citizens of Fond du Lac County who are the complainants. The citizens do not want people driving vehicles who have not been properly licensed. That is why the citizens' representatives have voted to penalize those who operate after suspension of their licenses.

## CONCLUSION

¶ 13. Under *Stehlek*, *Steeno* and *Kopf*, Derksen has a privilege, but not a "right," to drive a motor vehicle upon a public highway. To exercise that privilege, Derksen had to satisfy the licensing requirements of the state. He did not do that in this instance. For that failing, he was properly prosecuted and convicted of operating after suspension of his operating privileges under the ordinances of Fond du Lac County.

*By the Court.*—Judgment affirmed.